**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 02-60016**
**Summary Calendar**

**MOSES ELECTRIC SERVICE, INC., and its agent**
**EXPRESS PERSONNEL SERVICES,**

**Petitioner-Cross-Respondent,**

**VERSUS**

**NATIONAL LABOR RELATIONS BOARD,**

**Respondent-Cross-Petitioner.**

Petition for Review & Cross-Petition for Enforcement
of an Order of the National Labor Relations Board
(26-CA-17904)

July 15, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This case is before the Court on the petition of Moses
Electric Service, Inc. ("the Company") to review, and the cross-
application of the National Labor Relations Board (the "Board") to
enforce the decision and order of the Board issued on July 16,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in 5TH CIR. R. 47.5.4.

2001, in which the Board determined that the Company violated § 8(a)(3) and (1) of the National Labor Relations Act, as amended, 29 U.S.C. § 151, et seq. ("the Act"), by refusing to hire twelve applicants because of their Union affiliation and by discharging employee, Stephen Alexander, because of his Union activities. This Court will not disturb the Board's unfair labor practice findings if substantial evidence supports the Board's inferences and conclusions, "even if the Court would justifiably have made a different choice had the matter been before it de novo." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951), *accord*, *NLRB v. Thermon Heat Tracing Services, Inc.*, 143 F.3d 181, 185 (5th Cir. 1998). Because the Board's findings with respect to the employer's motive in discrimination cases involves "drawing inferences from the evidence" based on "the expertise of the Board," this Court's review of such findings "is even more deferential." *Laro Maintenance Corp. v. NLRB*, 56 F.3d 224, 229 (D.C. Cir. 1995), *accord*, *Valmont Indus., Inc. v. NLRB*, 244 F.3d 454, 463 (5th Cir. 2001). Finally, this Court has consistently held that it will not displace the administrative law judge's credibility determinations or inferences, as adopted by the Board, except in the rare circumstances when those credibility determinations are unreasonable or are based on an inadequate or nonexistent reason. *NLRB v. McCullough Environmental Services, Inc.*, 5 F.3d 923 (5th Cir. 1993).

Under these standards of review, we have carefully reviewed the petition for review, the Board's order, the briefs, the reply brief, and relevant portions of the record itself. We conclude that the Board's findings of discrimination are supported by substantial evidence and that the administrative law judge's credibility determinations are not unreasonable. Accordingly, we dismiss the Company's petition for review, and grant the cross-application by the Board for enforcement of its order of July 16, 2001. The Company, its officers, agents, successors, and assigns are hereby ordered to comply therewith.